IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRETT J. MOSIMAN, an individual; PIPELINE PRODUCTIONS, INC., a Kansas Corporation; PIPELINE TICKETING, LLC; a Kansas Limited Liability Company, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civ. No. 17-1517-CFC |
| THE MADISON COMPANIES, LLC, a Delaware Limited Liability Company; BRYAN GORDON, an individual; HORSEPOWER ENTERTAINMENT LLC, a Delaware Limited Liability Company; HORSEPOWER ENTERTAINMENT MANAGEMENT LLC, a Delaware Limited Liability Company; KAABOOWORKS SERVICES LLC, a Delaware Limited Liability Company; KAABOOWORKS LLC, a Delaware Limited Liability Company; KAABOO-DEL MAR, LLC, a Delaware Limited Liability Company; KAABOO-DEL MAR INVESTMENT, LLC, a Delaware Limited Liability Company; and DOES 1 through 20 inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

**MEMORANDUM ORDER**

Plaintiffs Brett J. Mosiman, Pipeline Productions, Inc., and Pipeline Ticketing, LLC (collectively "Plaintiffs") have sued Defendants The Madison Companies, LLC; Bryan Gordon; Horsepower Entertainment, LLC; Horsepower Entertainment Management, LLC; Kaabooworks Services, LLC; Kaabooworks, LLC; Kaaboo-Del Mar, LLC; and Kaaboo-Del Mar Investment, LLC (collectively, "Defendants") over a failed business relationship they attempted to form to

1

produce a music festival. Currently pending before the court is Plaintiffs' Motion to Retransfer and Stay for The Limited Purpose of Moving for Reconsideration. D.I. 31. Plaintiffs seek in their motion to transfer the case back to the United States District Court for the Southern District of California. For the reasons discussed below, I will deny Plaintiffs' motion.

1. On May 31, 2017, Plaintiffs brought suit against Defendants in the Superior Court of the State of California, County of San Diego, alleging breach of contract and related claims. D.I. 1-2. Defendants removed the litigation to the United States District Court for the Southern District of California based on diversity jurisdiction. D.I. 1. Plaintiffs then filed a motion to transfer the case to this court pursuant to 28 U.S.C. § 1404(a) based on a mandatory forum selection clause in a written letter of intent ("LOI") executed by the parties. D.I. 3. On October 25, 2017, the Honorable Dana M. Sabraw, United States District Judge for the Southern District of California, issued an order granting Defendants' motion to transfer. D.I. 18-1.

2. Plaintiffs did not move for an immediate stay of Judge Sabraw's order; nor did they ever file a petition for a writ of mandamus in the United States Court of Appeals for the Ninth Circuit. On October 26, 2017, this court accepted jurisdiction of the case. D.I. 19. Almost six months later, on April 16, 2018, Plaintiffs filed their motion to transfer this case back to the California district court. D.I. 31.

3. "[A] district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a). "If the party opposing the transfer believes the decision is erroneous, it can either seek reconsideration in the transferor court, or else petition for a writ of mandamus in the court of appeals of the circuit in which the transferor court is located." *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 168 (3d Cir. 1981). "Once the transferor

court has decided the issue of whether the suit 'could have been brought' in the transferee court, this ruling becomes the law of the case." *Id.*

4. Under the law of the case doctrine, "[a] transfer order from a coordinate court should only be reversed upon a showing of 'manifest error' or 'unusual circumstances.'" *Edwards v. Leach Int'l*, 2015 WL 7295440, at *2 (D. Del. Nov. 18, 2015) (quoting *Holland v. Consol. Rail Corp.*, 1998 WL 414722, at *1 (E.D. Pa. July 22, 1998)).

5. Plaintiffs have not demonstrated that Judge Sabraw's transfer order was based on manifest error. A transferee court may revisit a transfer decision that is "clearly erroneous." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 819 (1988). "[B]orderline case[s]" or "close questions" are not clear error. *Id.* at 818-19. "Under law-of-the-case principles, if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end." *Id.* at 819. Here, there is more than a plausible basis for the transfer decision. Judge Sabraw found that the parties' LOI includes a forum selection clause that survived the termination of the LOI and required that all disputes "arising from or related to" the LOI be litigated in Delaware. D.I. 18-1 at 3. According to Judge Sabraw, the claims in the complaint relate to the LOI because the complaint "alleges obligations of Defendants that are identical to those provided in the LOI." *Id.* at 7.

6. In their reply brief, Plaintiffs argue for the first time that it was clear error for Judge Sabraw to construe the LOI as a "two-part agreement" or "two separate agreements." D.I. 37 at 2. But Plaintiffs did not elaborate on this argument or point to where Judge Sabraw construed the LOI as two separate agreements; and, after reviewing the transfer order, I find no such construction by Judge Sabrow. Instead, I find that Judge Sabraw carefully examined the LOI and rejected Plaintiffs' argument that Defendants were collaterally estopped from invoking the LOI's forum

3

selection clause. *Id.* at 5-6. Accordingly, I do not see any clear error in Judge Sabraw's transfer order.

7. Plaintiffs have also not demonstrated unusual circumstances that would warrant reversal of Judge Sabrow's transfer order. The Third Circuit has identified a handful of unusual circumstances where it would be proper for this court to entertain a motion to return a case to the transferor court: (1) new evidence is available; (2) a supervening rule of law is issued; (3) the successor judge is "clarifying or correcting an earlier, ambiguous ruling;" or (4) the successor judge is "entertain[ing] a timely motion to reconsider the conclusions of an unavailable predecessor, because otherwise the right to move for reconsideration would be effectively denied." *Hayman*, 669 F.2d at 169; *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009). Here, Plaintiffs do not claim there is new evidence, a supervening rule of law, or a prior ambiguous ruling, which means Plaintiffs must demonstrate the fourth unusual circumstance: namely, a timely motion to reconsider the conclusions of an unavailable predecessor.

8. Plaintiffs argue that they were denied an opportunity to have Judge Sabraw reconsider his order granting the motion to transfer because the District of Delaware accepted jurisdiction within 24 hours of the transfer order being issued. D.I. 31 at 3-5. Even if this circumstance qualified to make Judge Sabraw an "unavailable predecessor," Plaintiffs failed to take timely action to warrant reconsideration. Plaintiffs did not seek an immediate stay of Judge Sabrow's order; nor did they ever file a petition for a writ of mandamus in the Ninth Circuit. Plaintiffs also did not timely file a motion in this court for reconsideration of Judge Sabrow's transfer order. Judge Sabraw ordered the transfer on October 25, 2017. D.I. 18. Plaintiffs did not file their motion to retransfer the case until April 16, 2018, almost six months after the transfer to

this court occurred. D.I. 31. This court's Local Rules require motions for reconsideration to be filed within 14 days of the opinion or decision in question. *See* Del. L.R. 7.1.5. Because Plaintiffs did not timely file a motion for reconsideration, I will not revisit Judge Sabrow's decision on the motion to transfer.

9. Because I will deny Plaintiffs' motion to retransfer, Plaintiffs' request to stay this action after transferring it back to the Southern District of California is rendered moot.

ACCORDINGLY, it is hereby ORDERED that Plaintiffs' Motion to Retransfer and Stay for The Limited Purpose of Moving for Reconsideration (D.I. 31) is DENIED.

Dated: October 30, 2018

_____
UNITED STATES DISTRICT JUDGE