IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRETT J. MOSIMAN; PIPELINE PRODUCTIONS, INC.; and PIPELINE TICKETING, LLC, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 17-1517-CFC |
| THE MADISON COMPANIES, LLC; BRYAN GORDON; HORSEPOWER ENTERTAINMENT LLC; HORSEPOWER ENTERTAINMENT MANAGEMENT LLC; KAABOOWORKS SERVICES LLC; KAABOOWORKS LLC; KAABOO-DEL MAR, LLC; KAABOO-DEL MAR INVESTMENT, LLC; and DOES 1 through 20 inclusive, | : : : : : : : : : : : | |
| Defendants. | : | |

Daniel Charles Herr, LAW OFFICE OF DANIEL C. HERR LLC, Wilmington, Delaware; Michael H. Weiner, LAW OFFICE OF MICHAEL H. WEINER, APC, San Diego, California

*Counsel for Plaintiffs*

Stephen B. Brauerman, Sara E. Bussiere, BAYARD, P.A., Wilmington, Delaware; Ivy A. Wang, Russell Wolpert, Eric M. George, Benjamin D. Scheibe, BROWNE GEORGE ROSS LLP, Los Angeles, California

*Counsel for Defendants The Madison Companies, LLC; Bryan Gordon; Horsepower Entertainment LLC; Horsepower Entertainment Management LLC; Kaabooworks Services LLC; Kaabooworks LLC; Kaaboo-Del Mar, LLC; and Kaaboo-Del Mar Investment, LLC*

# **MEMORANDUM OPINION**

January 15, 2019
Wilmington, Delaware

_[signature]_
CONNOLLY, UNITED STATES DISTRICT JUDGE

Plaintiffs Brett J. Mosiman, Pipeline Productions, Inc., and Pipeline Ticketing, LLC (collectively "Plaintiffs") have sued Defendants The Madison Companies, LLC; Bryan Gordon; Horsepower Entertainment, LLC; Horsepower Entertainment Management, LLC; Kaabooworks Services, LLC; Kaabooworks, LLC; Kaaboo-Del Mar, LLC; and Kaaboo-Del Mar Investment, LLC (collectively, "Defendants") over a failed business relationship to produce a music festival known as the Kaaboo Del Mar Music Festival. The complaint alleges sixteen causes of action against all Defendants. Currently pending before the Court is Defendants' motion to dismiss all sixteen causes of action as alleged against the individual defendant Bryan Gordon and fourteen of the sixteen causes of action as alleged against the "Entity Defendants" (i.e., all defendants except Gordon).[1] (D.I. 32). I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). For the reasons discussed below, I will grant in part and deny in part Defendants' motion to dismiss.

---

[1] In other words, the only causes of action not subject to the motion to dismiss are Counts 13 and 14 (for unjust enrichment) as asserted against the Entity Defendants.

## I. BACKGROUND[2]

Sometime in 2014, the specific dates are unclear, Plaintiffs and Defendants negotiated an oral agreement for the three-year production of the Kaaboo Del Mar Music Festival, pursuant to which Plaintiffs would receive $650,000 over three years. (D.I. 1-3 at ¶¶ 20-23). The parties, however, were unable to reduce their oral agreement to a writing. (*Id.* at ¶ 36). At one point, Plaintiffs rejected a proposed written contract, because it changed the terms from a three-year agreement to three one-year agreements. (*Id.* at ¶ 35).

Although no signed agreement was in place, Plaintiffs began working in July 2014 on producing the music festival. (*Id.* at ¶ 25). The complaint alleges that during this time, Plaintiffs "introduc[ed] the Defendants to various main players in the industry" and "provided confidential information to Defendants." (*Id.* at ¶¶ 27-30). Also during this time, Defendants paid Plaintiffs $10,416.67 per month per the terms of the oral agreement. (*Id.* at ¶¶ 26, 33, 38). Then, in June 2015, the payments stopped. (*Id.* at ¶ 38).

The complaint alleges that in October 2014, Defendants also awarded the Plaintiffs a contract to provide ticketing services for the music festival. (*Id.* at ¶¶ 41-44). Plaintiffs sent Defendants a written ticketing agreement, which

---

[2] Unless otherwise noted, the facts recited herein are taken from Plaintiffs' complaint, which I generally "accept as true" for purposes of deciding a motion to dismiss. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).

2

Defendants never signed. (*Id.* at ¶ 45). Plaintiffs admit that the "agreements were never finalized or signed," but Plaintiffs nevertheless began performing services related to ticketing. (*Id.* at ¶¶ 44-51). The complaint alleges that Defendants "without notice canceled the ticketing agreement" and "never paid [Plaintiffs] for their services." (*Id.* at ¶¶ 49-50).

## II. STANDARD OF REVIEW

Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Twombly*, 550 U.S. at 555. In assessing the plausibility of a claim, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *In re Rockefeller Ctr. Prop., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). The Court's review is limited to the allegations in the complaint, exhibits attached to the complaint, documents incorporated by reference, items subject to judicial notice, and matters of the public record. *D.M. ex rel. Ray v. Phila. Housing Auth.*, 613 F. App'x 187, 189

(3d Cir. 2015); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *El-Hewie v. Bergen Cty.*, 348 F. App'x 790, 794 (3d Cir. 2009).

## III. DISCUSSION

The Court must determine whether the complaint adequately pleads the elements of a claim as to fourteen causes of action and adequately pleads liability as to the individual defendant Bryan Gordon, a manager of one of the entity defendants. Two of the fourteen causes of action are based on California statutes: misappropriation of trade secrets and unfair competition. The remaining twelve causes of action are based on the common law. The common law claims are for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional misrepresentation, negligent misrepresentation, and promissory estoppel. Because the parties cited in their briefs only Delaware law with respect to the common law claims, I will assume Delaware law governs these claims. I first address each of the fourteen causes of action and then consider the liability of the individual defendant Bryan Gordon.

### A. Counts 1-2: Breach of Contract

Counts 1 and 2 of the complaint are for breach of the oral production agreement and oral ticketing agreement. (D.I. 1-3 at ¶¶ 52-61). The complaint repeatedly alleges that the oral contracts were for three years. (*See Id.* at ¶¶ 23, 40, 66, 68, 85, 87, 89, 122, 125, 138, 142, and 147). Indeed, the complaint alleges that

4

Plaintiffs refused to sign a written agreement memorializing the oral agreement, because the proposed written agreement changed the term of the oral contract to less than three years. (*Id.* at ¶¶ 35-36). Under the statute of frauds, 6 *Del. C.* § 2714, oral contracts that cannot be performed within one year are unenforceable.[3] *Olson v. Halvorsen*, 982 A.2d 286, 291 (Del. Ch. 2008). Because Counts 1 and 2 are based on a three-year oral contract, the claims are barred by the statute of frauds. Plaintiffs invoke the part performance exception to the statute of frauds. (D.I. 35 at 5). But "Delaware law is clear that the part performance doctrine does not apply to oral contracts not to be performed within one-year." *Olson*, 982 A.2d at 295 (quoting *Aurigemma v. New Castle Care LLC*, 2006 WL 2441978, at *3 (Del. Super. Ct. Aug. 22, 2006)). Accordingly, Counts 1 and 2 are dismissed with prejudice for failure to state a claim.

### B. Counts 11 and 12: Breach of the Implied Covenant of Good Faith and Fair Dealing

Counts 11 and 12 of the complaint allege breach of the implied covenant of good faith and fair dealing. (D.I. 1-3 at ¶¶ 137-44). "The implied covenant of good faith and fair dealing inheres in every contract and 'requires a party in a

---

[3] The Delaware Code states: "No action shall be brought to charge any person ... upon any agreement that is not to be performed within the space of 1 year from the making thereof, ... unless the contract is reduced to writing, or some memorandum, or notes thereof, are signed by the party to be charged therewith ... ." 6 *Del. C.* § 2714 (2017).

contractual relationship to refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits of the bargain." *Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 888 (Del. Ch. 2009) (quoting *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 442 (Del. 2005)). Defendants argue that, because the breach of contract claims fail under the statute of frauds, the claims for breach of the implied covenant of good faith and fair dealing must also fail. (D.I. 33 at 6). Although there is something appealing about that argument on the surface, Defendants have not cited any authority clearly showing that the law of contracts operates in this manner.

The cases Defendants cite instead demonstrate that dismissal is warranted because the actions serving as the basis of the implied covenant claim are expressly governed by the contract. The complaint alleges that Defendants breached the implied covenant by "stop[ping] payments to Plaintiffs" owed under the terms of the oral agreements. (D.I. 1-3 at ¶¶ 139, 143). A plaintiff, however, "cannot assert a claim for breach of implied covenants of good faith and fair dealing that is based on exactly the same acts which are said to be in breach of express covenants." *Metro Comm'n Corp. BVI v. Advanced Mobilecomm Tech. Inc.*, 854 A.2d 121, 142 (Del. Ch. 2004) (quoting *USX Corp. v. Prime Leasing Inc.*, 988 F.2d 433, 439 (3d Cir.1993)). Because Plaintiffs' "implied covenant claim is premised on the failure of defendants to pay money due under the contract, the claim must fail because the

express terms of the contract will control such a claim." *Kuroda*, 971 A.2d at 888. Accordingly, Counts 11 and 12 are dismissed with prejudice.

### C. Counts 3-8: Misrepresentations and False Promises

Counts 3-8 are for intentional misrepresentation, negligent misrepresentation, and false promises. (D.I. 1-3 at ¶¶ 62-118). Because these claims sound in fraud or mistake, they are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). *Toner v. Allstate Ins. Co.*, 821 F. Supp. 276, 283 (D. Del. 1993). Under Rule 9(b), the complaint must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "A pleading is sufficient under Rule 9(b) if it states the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *OC Tint Shop, Inc. v. CPFilms, Inc.*, 2018 WL 4658211, at *2 (D. Del. Sept. 27, 2018) (quoting *In re Sony*, 758 F. Supp. 2d 1077, 1087 (S.D. Cal. 2010)); *see also Gerbitz v. ING Bank, FSB*, 967 F. Supp. 2d 1072, 1078 (D. Del. 2013) (identifying "the who, what, where, when, how, and why" of fraud claims required by Rule 9(b)).

Here, the complaint does not specify who made which misrepresentations, to whom the misrepresentations were communicated, when the misrepresentations were made, where the misrepresentations were made, or how the misrepresentations were made. For example, Counts 3-8 repeatedly allege that

"Defendants represented to Plaintiffs" or "Defendants misrepresented to Plaintiffs," but the term "Defendants" is defined to include one individual, seven corporate entities, and anywhere between one and twenty unknown persons. (D.I. 1-3 at ¶ 14, 62-118). The few allegations that identify a specific defendant involve Bryan Gordon. The complaint alleges that Gordon represented that he was the principal of the Madison Companies LLC and Horsepower Entertainment LLC, that Gordon wanted to partner with Mosiman to produce music festivals, and that Gordon notified Mosiman that Pipeline "won the job" to produce the Kaaboo Del Mar Music Festival. (D.I. 1-3 at ¶¶ 20, 21). But Plaintiffs do not allege how these representations were false, misleading, or injurious. The complaint also alleges that Gordon told Mosiman that he was a "man of his word." (*Id.* at ¶¶ 37, 66, 87, 124). But the complaint does not allege when, where, or how that statement was made, what it related to, or that the statement was even fraudulent or misleading (or, if so, how). Accordingly, Counts 3-8 are dismissed without prejudice for failure to plead fraud or mistake with particularity.

### D. Counts 9 and 10: Promissory Estoppel

Defendants argue that Plaintiffs' promissory estoppel claims (Counts 9 and 10) fail because the claims are based on promises that were a part of a bargained-for exchange supported by consideration. (D.I. 33 at 11-12). Under Delaware law, "[a] promise supported by consideration cannot form the basis for recovery on a

8

theory of promissory estoppel." *CSH Theatres, L.L.C. v. Nederlander of S.F. Assoc.*, 2018 WL 3646817, at *20 (Del. Ch. July 31, 2018) (quoting *Frank Invs. Ranson, LLC v. Ranson Gateway, LLC*, 2016 WL 769996, at *11 n. 99 (Del. Ch. Feb. 26, 2016)). In other words, "[p]romissory estoppel does not apply ... where a fully integrated, enforceable contract governs the promise at issue." *SIGA Tech., Inc. v. PharAthene, Inc.*, 67 A.3d 330, 348 (Del. 2013). Here, the promises that Plaintiffs seek to enforce as part of the promissory estoppel claim are the same promises that form the basis of the breach of contract claim, which suggests that dismissal should be granted. (*See* D.I. 1-3 at ¶¶ 53, 58, 120, 129).

Dismissal at this stage of the proceedings, however, is premature. First, under Fed. R. Civ. P. 8(d), courts "have allowed plaintiffs to plead promissory estoppel as an alternative to breach of contract."[4] *Broesler v. Wardens & Vestry of St. Barnabas Episcopal Church*, 2011 WL 2174924, at *5 (Del. Super. Ct. Feb. 28, 2011). Second, "promissory estoppel has evolved and matured beyond being only a contract consideration substitute." *Grunstein v. Silva*, 2009 WL 4698541, at *9 (Del. Ch. Dec. 8, 2009). Delaware courts have also allowed, "at least in limited circumstances, the use of promissory estoppel to avoid application of the statute of

---

[4] Fed. R. Civ. P. 8(d) states that a party may "set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."

9

frauds." *Id.* Here, Plaintiffs' contract claim is barred by the statute of frauds. Thus, there is an open issue, which the parties did not address, as to whether Plaintiffs have adequately pled promissory estoppel as a substitute for the statue of frauds.[5]

### E. Count 15: Misappropriation of Trade Secrets

In Count 15, Plaintiffs allege misappropriation of trade secrets under the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426 *et seq.* (D.I. 1-3 at ¶¶ 155-59). This claim has three core elements: "(1) the plaintiff owned a trade secret, (2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means, and (3) the defendant's actions damaged the plaintiff." *Mintz v. Mark Bartelstein & Assoc. Inc.*, 906 F. Supp. 2d 1017, 1038 (C.D. Cal. 2012) (quoting *Cytodyn, Inc. v. Amerimmune Pharm., Inc.*, 72 Cal. Rptr. 3d 600, 607 (Cal. Ct. App. 2008)); Cal. Civ. Code 3426.1(b). Defendants argue that this claim fails because Plaintiffs have not sufficiently alleged: (i) the existence of any trade secrets, (ii) the misappropriation of any trade secrets, and (iii) damages resulting from Defendants' supposed misappropriation. (D.I. 33 at 13). I agree.

---

[5] Notably, "[w]here ... promissory estoppel is used as a substitute for a required writing, the burden on the plaintiff is greater than were promissory estoppel is used as a substitute for consideration." *CBA Collection Serv., Ltd. v. Potter, Crosse & Leonard, P.A.*, 1996 WL 527214, at *6 (Del. Super. Ct. Aug. 14, 1996).

10

Under California law, "[g]eneral knowledge in the trade or special knowledge of those persons who are skilled in the trade are not trade secrets." *Agency Solutions.Com, LLC v. TriZetto Grp., Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (internal punctuation omitted) (quoting *Diodes, Inc. v. Franzen*, 67 Cal. Rptr. 19, 24 (Cal. Ct. App. 1968)). In addition, "[p]roprietary ways of doing the same thing that others in the same field do are not trade secrets." *Agency Solutions.com*, 819 F. Supp. 2d at 1017. Thus, the subject matter of the trade secret must be described with "sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons skilled in the trade." *Bunnell v. Motion Picture Ass'n of Am.*, 567 F. Supp. 2d 1148, 1155 (C.D. Cal. 2007) (internal punctuation omitted) (quoting *Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164–65 (9th Cir. 1998)); *see also Advanced Modular Sputtering, Inc. v. Superior Court*, 33 Cal. Rptr. 3d 901, 907–08 (Cal. Ct. App. 2005) (stating that the trade secrets in a misappropriation of trade secrets claim must be described with "reasonable particularity").

Here, the complaint simply alleges that "Plaintiffs provided confidential information relating to: (a) Booking grids and booking systems; (b) Performance and scheduling grids; (c) Offer and Contract riders; (d) Budgets, (e) Staffing knowledge and contacts; and (f) Vendor contacts." (D.I. 1-3 at ¶ 30). Because there are no other allegations in the complaint regarding this information, I cannot

11

plausibly distinguish it from general knowledge in the trade or special knowledge of those persons skilled in the trade. Plaintiffs are correct that customer lists and the identity of suppliers *can* be trade secrets (D.I. 35 at 12), but as the cases upon which Plaintiffs rely explain, "courts are reluctant to protect customer lists to the extent they embody information which is 'readily ascertainable' through public sources, such as business directories." *Morlife, Inc. v. Perry*, 56 Cal. App. 4th 1514, 1521 (Cal. Ct. App. 1997) (quoting *Am. Paper & Packaging Prod., Inc. v. Kirgan*, 183 Cal. App. 3d 1318, 1326 (Cal. Ct. App. 1986)). The complaint lacks sufficient allegations to plausibly infer that Plaintiffs' information is not readily ascertainable through public sources.

Finally, Plaintiffs have not alleged how Defendants misappropriated the purported trade secrets. Plaintiffs admit that they willingly provided Defendants with the information in question. (D.I. 35 at 11; *see also* D.I. 1-3 at ¶ 29). Accordingly, Plaintiffs must allege that Defendants "[a]t the time of disclosure or use, knew or had reason to know that [their] knowledge of the trade secret was ... [a]cquired under circumstances giving rise to a duty to maintain its secrecy or limit its use." Cal. Civ. Code § 3426.1(b). The complaint makes no such allegation. Accordingly, the misappropriation of trade secrets claim is dismissed without prejudice for failure to state a claim.

### F. Count 16: Unfair Competition

In Count 16, Plaintiffs allege violations of California Business and Professions Code § 17200, commonly known as the unfair competition law or UCL. (D.I. 1-3 at ¶¶ 160-64). The UCL "proscribes any business act or practice forbidden by another law." *Mintz*, 906 F. Supp. 2d at 1035. In other words, the UCL "'borrows' violations from other laws by making them independently actionable as unfair competitive practices." *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 943 (Cal. 2003). Here, the complaint alleges that Defendants violated the UCL by committing "theft of confidential trade secrets [and] unfairly terminating contracts ... ." (D.I. 1-3 at ¶ 162). Neither of these alleged acts, however, can serve as a basis for a UCL claim.

First, CUTSA provides the "exclusive remedy" for claims based on the theft of confidential trade secrets. *Jardin v. DATAllegro, Inc.*, 2011 WL 3300152, at *2 (S.D. Cal. July 29, 2011). The Court does not have to first determine if the misappropriated information constitutes a trade secret, because "CUTSA preempts all claims based upon the unauthorized use of information, even if the information does not meet the statutory definition of a trade secret." *Gabriel Tech. Corp. v. Qualcomm Inc.*, 2009 WL 3326631, at *11 (S.D. Cal. Sept. 3, 2009). In addition, courts have not hesitated to dismiss UCL claims due to preemption by CUTSA even though Fed. R. Civ. P. 8(d) allows plaintiffs to plead inconsistent claims in

the alternative. *See id.* I see no reason to deviate from this practice. Thus, Defendants' purported theft of Plaintiffs' confidential trade secrets cannot serve as the basis of a claim under the UCL.

Second, Plaintiffs cannot recast their breach of contract claim as a UCL claim, because "compensatory damages are not available" in UCL suits. *Feitelberg v. Credit Suisse First Boston, LLC*, 36 Cal. Rptr. 3d 592, 599 (Cal. Ct. App. 2005). "Suits asserting statutory UCL claims are equitable actions." *Id.* For that reason, "only two remedies are available to redress violations of the UCL: injunctive relief and restitution."[6] *Id.* at 601. Plaintiffs' complaint seeks "compensatory damages," not an injunction or restitution. (*See* D.I. 1-3 at Prayer for Relief). Accordingly, Plaintiffs do not seek relief for which the UCL claim can provide a remedy.

Because Plaintiffs have failed to plead a forbidden business act for which the UCL provides a remedy, Plaintiffs have failed to state a claim under the UCL, and Count 16 is dismissed without prejudice.

---

[6] "[I]n the UCL context, restitution means the return of money to those persons from whom it was taken or who had an ownership interest in it." *Feitelberg*, 36 Cal. Rptr. 3d at 602 (internal punctuation omitted) (quoting *Madrid v. Perot Sys. Corp.*, 30 Cal. Rptr. 3d 210, 221 (Cal. Ct. App. 2005)).

### G. Bryan Gordon

The complaint asserts all sixteen causes of action against "all defendants," which includes the individual defendant Bryan Gordon. (D.I. 1-3 at ¶¶ 52-164). Gordon, according to the complaint, is the "Partner, Chairman, and CEO of Madison." (*Id.* at ¶ 17). Madison is "a Delaware Limited Liability Company doing business in the State of California." (*Id.* at ¶ 4). Under Delaware law, "no member or manager of a limited liability company shall be obligated personally for any such debt, obligation or liability of the limited liability company solely by reason of being a member or acting as a manager of the limited liability company." 6 *Del. C.* § 18-303(a); *see also Lazard Debt Recovery GP, LLC. v. Weinstock*, 864 A.2d 955, 974 (Del. Ch. 2004). If Gordon is to be held liable, "it must be for acts of [his] own, and not merely for acts or omissions of the [LLC]." *Gassis v. Corkery*, 2014 WL 3565418, at *5 (Del. Ch. July 21, 2014). Thus, "to state a claim against an individual, the complaint must, at a minimum, describe affirmative actions taken by that individual directing, ordering, ratifying, approving or consenting to the tort." *Id.*

Plaintiffs argue in their brief filed in opposition to Defendants' motion that "Gordon directed this entire scheme, that he ratified all aspects on how to win over Plaintiffs, and that he ditched Plaintiffs when it was most convenient (and lucrative) for him." (D.I. 35 at 13). No such allegations, however, are in the

15

complaint. Because a "complaint may not be amended by the briefs in opposition to a motion to dismiss," *Hughes v. United Parcel Serv., Inc.*, 639 F. App'x 99, 104 (3d Cir. 2016), the complaint fails to state a claim against Gordon. The claims against Gordon are dismissed without prejudice, except for Counts 1-2 and 11-12, which I will dismiss with prejudice for the reasons explained above. (*See supra* Section III(A) and (B)).

## IV. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss (D.I. 32) is granted in part and denied in part. With respect to individual defendant Bryan Gordon, the motion is granted as to Counts 1-16. With respect to the Entity Defendants (i.e., all defendants except Bryan Gordon), the motion is granted as to Counts 1-8, 11-12, and 15-16, and the motion is denied as to Counts 9-10.

As to Defendant Bryan Gordon, Counts 1, 2, 11, and 12 of the complaint are dismissed with prejudice, and Counts 3-10 and 13-16 are dismissed without prejudice and with leave to amend. As to the Entity Defendants, Counts 1, 2, 11, and 12 are dismissed with prejudice, and Counts 3-8 and 15-16 are dismissed without prejudice and with leave to amend.

The Court will enter an order consistent with this Memorandum Opinion.